Signed and Filed: August 21, 2017

**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 14-30874 HLB |
| | ) |
| LEAH AHN, | ) Chapter 7 |
|         Debtor. | ) |
| LEAH AHN, | ) Adv. Proc. No. 16-3135 HLB |
|         Plaintiff, | ) |
|    v. | ) |
| PRIYA SANGER, et al., | ) |
|         Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding came before the court on Plaintiff Leah Ahn's Motion for Summary Judgment (the "Motion"). Defendants Priya and Michael Sanger have responded; Ms. Ahn has replied. On August 16, 2017, the court entered a tentative ruling on the Motion. The court conducted a hearing on the Motion on August 17, 2017 at which Plaintiff and Defendants appeared. For the reasons stated below and in the court's tentative ruling, the court will **GRANT IN PART** and **DENY IN PART** Ms. Ahn's Motion.

This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). The court has jurisdiction over this action pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and General Order 24 of the United States District Court for the Northern District of California. Venue is proper under 28 U.S.C. § 1409(a). The parties have consented to entry of final judgment by a bankruptcy judge.[1]

At the hearing on the Motion, the Sangers made a compelling argument as to why their abstract of judgment (the "Abstract") substantially complies with section 674(a) of the California Code of Civil Procedure ("CCP") and thus created a valid judgment lien. Citing to <u>Stout v. Gill</u>, 110 Cal. App. 445, 446 (1930), they correctly note that one of the purposes of CCP section 674(a) is to give third parties constructive notice of a judgment lien. They argued that the fact their names appear on the Abstract along with the address of their attorney provides third parties with notice sufficient to permit them to ascertain the identities of and contact information for the judgment creditors. Notwithstanding their counsel's able representation, however, the court concludes that the Sangers' Abstract does not substantially comply with the requirements of CCP section 674(a).

The Abstract consists of a standardized form prepared by the California Judicial Council. It is intended as a "fill in the blank" form and, properly completed, satisfies CCP section 674(a). The Sangers did not properly complete the form,

---

[1] Ms. Ahn provided consent in paragraph 3 of her First Amended Complaint. The Sangers consented on the record at the August 17, 2017 hearing on this Motion.

leaving blank the box in which their names and address should have been entered. Nevertheless, they contend that their Abstract passes muster under CCP section 674(a) for two reasons. First, they argue that their names do appear on the Abstract, in the blank after the word "Plaintiff," where they or their counsel entered "Priya Sanger, Michael Sanger." And while they concede that their address does not appear anywhere on the Abstract, they contend that including the name and address of their counsel in the top left corner of the Abstract and identifying him as attorney for the judgment creditor substantially complies with the spirit if not the letter of CCP 674(a) in that this information offers third parties a way to contact their agent. The Sangers also contend that, even though they left blank the box calling for their names and address, they did confirm on line 7 of the form that "All judgment creditors and debtors are listed on this abstract."

Unfortunately, the court cannot conclude that the manner in which the Sangers completed their Abstract substantially complies with CCP section 674(a). Their names appear in the blank next to the word "Plaintiff." There could well be other plaintiffs, however, as the space next to the word "Plaintiff" is not large enough to accommodate more than one or two names. It would not be unreasonable to conclude that the judgment creditor might be another plaintiff, whose name does not appear on the Abstract due to the form's space constraints. Further, one cannot determine from the manner in which the Sangers completed the form whether the judgment creditor is Priya Sanger or Michael Sanger or both. And their counsel is

identified only as counsel for "judgment creditor" – singular – which implies that there is but one judgment creditor, not two or more.  Finally, nothing ties the attorney identified in the Abstract as counsel for the "judgment creditor" to Priya Sanger and Michael Sanger, who are identified only as "Plaintiff."  An abstract that gives rise to more questions than it answers cannot be found to substantially comply with CCP section 674(a).

Putting aside the fact that the statute requires the judgment creditor's address and not that of its attorney, similar questions arise in attempting to use the Sangers' attorney's address to satisfy the latter part of CCP section 674(a)(4).  Assuming a third party could conclude that the attorney whose name and address appear in the top left corner of the Abstract represented Priya and Michael Sanger, of what use might that conclusion be?  Could a third party serve that attorney with process on Mr. and Mrs. Sanger's behalf in a quiet title action or an action to avoid their lien?  And what if their counsel closed up shop or moved?  Here again, the manner in which the Sangers completed their Abstract raises more questions than it answers, which leaves this court unable to conclude that it substantially complies with CCP section 674(a).

In applying the doctrine of substantial compliance, the court concerns itself with only one question:  what on the form lets a third party know, without forcing them to make leaps of logic, that the Sangers are in fact the judgment creditors who can be reached at an address that appears somewhere on the

form?  Simply put, nothing.  There is no information under Line 3, or anywhere else on the Abstract, to indicate just who the judgment creditor or creditors actually are and at what address they could be contacted.

If the purpose of the statute is to provide third parties specific information, they should not be forced to search around and guess as to what that information is.  But with the Abstract at issue here, that is exactly what they would have to do.  The manner in which the Sangers completed their Abstract forces third parties to make too many assumptions, which leaves this court unable to accept the Sangers' arguments.  The court finds and concludes that the Abstract does not substantially comply with CCP section 674(a).

Accordingly, for the reasons stated in the court's tentative ruling, as supplemented by this order, the court hereby **GRANTS** the Motion as to a finding that the Sangers' Abstract failed to create a lien because they did not include on it the information required by section 674(a)(4) and **DENIES** the Motion in all other respects.  The court will separately enter judgment in Ms. Ahn's favor as to the first cause of action in the complaint.  Further, in light of this ruling, the court will dismiss Ms. Ahn's second cause of action as moot since the court cannot avoid a lien that does not exist.  See Wiget v. Nielsen (In re Nielsen), 197 B.R. 665, 667 (B.A.P. 9th Cir. 1996).

**\*\*END OF ORDER\*\***

## Court Service List

**Leah Ahn**
851 Lombard St
San Francisco, CA 94133